UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WILSON ERICK CUEVAS,

                      Plaintiff,

   -against-                                     *SUA SPONTE* REPORT AND
                                                                         RECOMMENDATION
CAPTAIN ISLAM (*Shield No.* 1743) and
CORRECTION OFFICER ABDELSHAFY,                 No. 19-CV-06518-EK-JRC

                      Defendants.
------------------------------------------------------------------x

JAMES R. CHO, United States Magistrate Judge:

       On November 13, 2019, plaintiff Wilson Erick[1] Cuevas ("plaintiff") initiated the instant action *pro se* pursuant to 42 U.S.C. § 1983 against defendant Captain Islam ("defendant") and a John Doe officer. *See* Compl., Dkt. 1. On December 26, 2019, the Court granted plaintiff's motion to proceed *in forma pauperis*, directed the U.S. Marshals Service to serve Captain Islam, and directed the Office of the Corporation Counsel to identify the John Doe officer allegedly involved in the case. *See* Order dated December 26, 2019, Dkt. 9. The John Doe officer was identified as Correction Officer Abdelshafy. *See* Dkt. 34.

       By Order dated August 2, 2021, The Honorable Eric R. Komitee granted defendant leave to file a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"), and established a briefing schedule. *See* Dkt. 58. In compliance with that schedule, defendant filed his motion for summary judgment on September 1, 2021. *See* Dkts. 59-61.

       On April 9, 2022, The Honorable Eric R. Komitee referred defendant's motion for summary judgment to this Court for a report and recommendation. *See* Order Referring Motion

---

[1] In a related case, *Cuevas v. Ulmer et al.*, No. 19-CV-04285, plaintiff's middle name appears as "Eric."

dated April 9, 2022. For the following reasons, this Court respectfully recommends **dismissing** plaintiff's case for failure to prosecute and failure to comply with court orders pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## Relevant Background

On June 2, 2021, defendant requested a pre-motion conference in connection with his anticipated motion to dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. 53. In response to defendant's request, on July 19, 2021, the Court scheduled a pre-motion conference for August 2, 2021. *See* Dkt. entry dated July 19, 2021.

On August 2, 2021, the Court held a pre-motion conference in connection with defendant's anticipated motion to dismiss. As a result of the conference, the Court instead granted defendant leave to file a motion for summary judgment by September 1, 2021 and directed plaintiff to respond to defendant's motion by October 1, 2021. *See* Dkt. entry dated August 2, 2021.

Defendant timely filed his motion for summary judgment on September 1, 2021, Dkts. 59-61, and mailed the motion to plaintiff at the address listed on the docket.[2] *See* Notice of Motion, Dkt. 59, at 2. Plaintiff failed to file any opposition papers to defendant's motion. On October 12, 2021, defendant asked the Court to treat defendant's motion as unopposed. *See* Dkt. 63. In light of plaintiff's *pro se* status, Judge Komitee gave plaintiff another opportunity to respond to defendant's motion by October 29, 2021, and stated that "[i]f the [p]laintiff does not file an opposition by this date, the Court will deem the motion fully briefed." *See* Dkt. entry dated October 15, 2021. Plaintiff again failed to file any opposition papers to defendant's

---

[2] Defendant moved to dismiss this action on the grounds that plaintiff is asserting identical claims against defendant, while represented by counsel, in an ongoing action in New York State Supreme Court, Kings County. *See* Def.'s Mem. of Law, Dkt. 61 at 1.

motion, or to otherwise file any response with the Court. On April 9, 2022, Judge Komitee referred defendant's motion for summary judgment to this Court for a report and recommendation. *See* Order Referring Motion dated April 9, 2022.

A review of the docket entries indicates that plaintiff has not taken any action in this case since defendant filed his motion for summary judgment on September 1, 2021 -- approximately one year ago. In light of plaintiff's absence, this Court gave plaintiff another opportunity to respond to defendant's motion by May 31, 2022. *See* Dkt. entry dated May 16, 2022. This Court also issued the following warning to plaintiff:

> Plaintiff is hereby warned that a failure to comply with this Order may result in a report and recommendation to District Judge Komitee that this case be dismissed for failure to prosecute and failure to comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b).

*Id*. On May 16, 2021, defendant's counsel served a copy of the May 16, 2021 Order on plaintiff at the address listed on the docket. *See* Declaration of Service, Dkt. 66. Plaintiff again failed to respond to the motion or otherwise file anything with the Court.

On June 1, 2022, in light of plaintiff's continued absence, the Court scheduled a hearing on defendant's motion for June 28, 2022. *See* Dkt. entry dated June 1, 2022. The Court ordered the parties, including plaintiff, to appear at the hearing. *Id*. The Court also issued the following warning to plaintiff:

> Plaintiff is advised that continued noncompliance may result in a recommendation to the District Judge that this case be dismissed for failure to prosecute and failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).

*Id*. On June 1, 2022, defendant's counsel served a copy of this Order on plaintiff at the address listed on the docket. *See* Declaration of Service, Dkt. 67.

On June 3, 2022, this Court ordered defendant's counsel to serve plaintiff via email with a reminder to appear at the June 28, 2022 hearing, in light of the fact that plaintiff "may no

longer be able to receive mail at the address listed on the docket sheet" and since "[d]efendants [] informed the Court that Mr. Cuevas has access to email." *See* Dkt. entry dated June 3, 2022.[3] This Court issued an additional warning that plaintiff's "failure to appear may result in a recommendation to the District Judge that this case be dismissed for failure to prosecute and failure to comply with Court orders." *Id*. On June 3, 2022, defendant's counsel served a copy of the June 3rd Order on plaintiff via email. *See* Declaration of Service, Dkt. 69.

Plaintiff failed to appear at the June 28, 2022 hearing. Prior to the conference, counsel for defendant also had talked to plaintiff by telephone reminding him of the conference. *See* Dkt. entry dated June 28, 2022. In light of plaintiff's failure to appear at the June 28, 2022 hearing, this Court scheduled a second hearing for July 20, 2022 as "one final opportunity [for plaintiff] to participate in these proceedings." *Id*. This Court ordered the parties, including plaintiff, to appear at the July 20, 2022 hearing. *Id*. This Court once again warned plaintiff that his "failure to appear may result in a recommendation to the District Judge that this case be dismissed for failure to prosecute and failure to comply with Court orders." *Id*.

On June 28, 2022, defendant's counsel served a copy of the June 28 Order on plaintiff by email. *See* Declaration of Service, Dkt. 70. The July 20 hearing was later adjourned to August 3, 2022. *See* Dkt. entry dated July 18, 2022. On July 18, 2022, defendant's counsel served on plaintiff by email the Order adjourning the hearing to August 3, 2022. *See* Declaration of Service, Dkt. 73.

Plaintiff failed to appear at the August 3, 2022 hearing. *See* Dkt. entry dated August 3, 2022. At the August 3rd hearing, defendant's counsel informed this Court that she had talked to

---

[3] In a related case, *Cuevas v. Ulmer et al.*, No. 19-CV-4285 at Dkt. 39, counsel for defendants had informed this Court that plaintiff may not be able to receive mail at the address listed on the docket. Plaintiff, however, maintained access to email. *See id*.

4

plaintiff by telephone on or about July 18 and July 20, 2022 to inform plaintiff of the August 3 conference. At that time, plaintiff had represented to counsel that he intended to appear at the conference. This Court noted at the hearing that it "anticipate[d] recommending to the District Judge that this case be dismissed for failure to prosecute and failure to comply with Court orders" in light of plaintiff's repeated failure to appear for Court conferences. *Id*.

Despite this Court's Orders dated May 16, June 1, June 3, June 28, and August 3, 2022 -- all of which included warnings to plaintiff that noncompliance with the court orders could result in dismissal of his action for failure to prosecute and failure to comply with court orders -- plaintiff has not taken any action to prosecute his claims and has not demonstrated any interest in pursuing this action.

**Discussion**

"A district court has the inherent power to dismiss a case with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." *Stanford v. R.C. Doliner, Inc.*, No. 01-CV-1052, 2001 WL 1502554, at *1 (S.D.N.Y. Oct. 19, 2001). Courts have this power "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Lewis v. Cavanaugh*, No. 10-CV-112, 2019 WL 340742, at *2 (D. Conn. Jan. 28, 2019), *aff'd sub nom. Lewis v. Cavanugh*, 821 F. App'x 64 (2d Cir. 2020). "[S]uch dismissals may be made *sua sponte*" by the Court. *See Storey v. O'Brien*, 482 F. App'x 647, 648 (2d Cir. 2012). "While [courts are] ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal." *Koehl v. Bernstein*, 740 F.3d 860, 862-63 (2d Cir. 2014) (internal citations and quotations omitted) (noting that the "liberal *pro se* practice is a shield against the technical

5

requirements . . . not a sword with which to insult a trial judge" (internal citations and quotations omitted)); *see also Melendez v. City of New York*, No. 12-CV-9241, 2014 WL 6865697, at *2 (S.D.N.Y. Dec. 4, 2014) (collecting cases where courts have dismissed *pro se* plaintiffs' claims for failure to prosecute). To determine whether to dismiss for lack of prosecution, courts consider the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. No single factor is generally dispositive.

*Zappin v. Doyle,* 756 F. App'x 110, 112 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)); *see also Ruzsa v. Rubenstein & Sendy Att'ys at Law*, 520 F.3d 176, 177 (2d Cir. 2008); *Jefferson v. Rosenblatt*, No. 13-CV-5918, 2018 WL 3812441, at *3 (E.D.N.Y. Aug. 10, 2018). As discussed below, these five factors favor dismissal of this action.

First, plaintiff's inaction has caused undue delay in this case. In fact, since at least the time that defendant filed his motion for summary judgment nearly one year ago, plaintiff has done nothing to prosecute this action. Further, plaintiff ignored the following court orders entered in connection with defendant's motion for summary judgment: Order dated August 2, 2021 setting a briefing schedule; Order dated October 15, 2021 giving plaintiff extra time to respond to defendant's motion after plaintiff failed to respond or otherwise file anything with the Court; Order dated May 16, 2022 giving plaintiff additional time to respond to defendant's motion after plaintiff again failed to respond or otherwise file anything with the Court; and Orders dated June 1, June 3, June 28, and July 18, 2022 scheduling a hearing on defendant's motion. Further, plaintiff failed to appear for hearings on June 28, 2022 and August 3, 2022.

Approximately one year has passed since defendant filed his motion for summary judgment, and more than three months since plaintiff was first warned that this action could be dismissed for failure to prosecute and failure to comply with court orders. The first factor -- the delay caused by plaintiff's inaction -- weighs in favor of dismissal. *See Ruzsa*, 520 F.3d at 177-78 (upholding dismissal where party caused seven-month delay); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-68 (2d Cir. 1980) (upholding dismissal where party caused six-month delay).

Second, the Court's Orders dated May 16, June 1, June 3, June 28, and August 3, 2022 put plaintiff on notice that failure to comply with the court orders could result in dismissal. The second factor weighs in favor of dismissal.

Third, any further delay would prejudice defendant. He has the burden of defending this action and acknowledging that he is a defendant in a lawsuit as long as this case remains active. Defendant has an interest in having an open case against him closed where plaintiff has not taken any necessary steps to pursue the case. Further, if this case were to continue, defendant's motion for summary judgment could be denied without knowing whether plaintiff would even continue to prosecute the case. To the extent any prejudice to defendant could be avoided by holding any decision on defendant's motion in abeyance to give plaintiff an opportunity to re-appear, this would merely shift the burden of plaintiff's failure to pursue this action to the Court and inevitably would prevent the Court from managing its docket in a reasonable manner. The third factor weighs in favor of dismissal.

Fourth, the Court has a significant interest in managing its docket while giving plaintiff an opportunity to have his day in court. The Court already has given plaintiff multiple opportunities to respond to defendant's motion, which plaintiff failed to heed, has held two

7

hearings on the motion where plaintiff failed to appear, and has repeatedly warned plaintiff that his action could be dismissed for failure to prosecute and failure to comply with Court orders. Plaintiff has repeatedly ignored court orders and has failed to appear at the hearings. This Court has provided plaintiff ample opportunity to pursue this action, participate in these proceedings, and have his interests heard. This case is now nearly three years old and plaintiff has not prosecuted his case, nor complied with court orders. Plaintiff has chosen to squander multiple chances to have his case heard. The fourth factor weighs in favor of dismissal.

Finally, plaintiff's repeated failure to comply with court orders warning him of the possibility of dismissal demonstrates that lesser sanctions would be ineffective. *See Jackson v. Mostofsky*, No. 19-CV-699, 2020 WL 3316018, at *2 (E.D.N.Y. June 18, 2020) (holding that "no lesser sanction will be effective in moving this action forward" and that "[g]iven [P]laintiff's *in forma pauperis* status, [m]onetary sanctions cannot be relied on because the plaintiff is indigent" (citations and quotations omitted)); *see also Ruzsa*, 520 F.3d at 178 (holding that "it is . . . unclear that a 'lesser sanction' would have proved effective" in light of plaintiff's failure to respond to district court's notice). Here, the Court previously granted plaintiff *in forma pauperis* status and this Court lacks confidence that any sanctions -- monetary or otherwise -- short of dismissal would compel plaintiff to re-appear in this action. The fifth factor weighs in favor of dismissal.

Under these circumstances, this Court respectfully recommends that the District Court dismiss the case with prejudice for lack of prosecution and failure to comply with court orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Jackson*, 2020 WL 3316018, at *2 (dismissing *pro se* complaint for failure to prosecute); *Reese v. Quay*, No. 18-CV-71, 2018 WL 4288636, at *2 (E.D.N.Y. Sept. 7, 2018) (same); *see also Davis v. Town of Hempstead*, 597

F. App'x 31, 32 (2d Cir. 2015) (affirming dismissal of *pro se* complaint for failure to prosecute).

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court directs defendant's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to plaintiff at his last known address and by email, and to file proof of service on ECF by **September 1, 2022**.

Any objections to the recommendations made in this Report must be filed with The Honorable Eric R. Komitee within 14 days after the filing of this Report and Recommendation and, in any event, on or before **September 13, 2022**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

**SO ORDERED**

Dated: Brooklyn, New York
August 30, 2022

s/ James R. Cho
James R. Cho
United States Magistrate Judge